**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ASIA G. SMITH,

    Plaintiff,

                v.

JASON L. ALLEN, individually,

    Defendant.

Civil Action No.
1:19-cv-01427-SDG

## OPINION AND ORDER

This matter is before the Court on two motions to amend [ECF 58; ECF 59]

and a motion for summary judgment [ECF 64] filed by Defendant Jason L. Allen.

For the following reasons, those motions are **GRANTED**.

## I.    BACKGROUND

This is a civil rights case. Plaintiff Asia G. Smith alleges that Allen, a

detective employed by the Gwinnett County police department, conducted an

inadequate investigation into an April 18, 2018 theft and incorrectly arrested her

for the offense. Smith initiated this action on March 29, 2019.[1] On June 20, Smith

filed an Amended Complaint.[2] Smith asserts one substantive claim against Allen

---

[1]    ECF 1.

[2]    ECF 5, ¶¶ 33–46.

under 42 U.S.C. § 1983 and seeks an award of attorneys' fees and punitive damages.[3] On February 28, 2020, the Court denied a motion to dismiss filed by Allen.[4] On November 2, Allen filed two motions seeking to amend certain statements made in pleadings and filings.[5] The next day, Allen filed the instant motion for summary judgment.[6] Smith did not file a response to any of these motions.

## II.   DISCUSSION

### a.   Motions to Amend

Through separate motions, Allen requests leave to amend certain statements made in his: (1) Answer to the Amended Complaint; (2) initial disclosures; (3) First Amended Joint Preliminary Report and Discovery Plan; and (4) briefs filed in this litigation.[7] He specifically seeks to reverse any concession that he, in fact, falsely identified Smith as the suspect that committed the April 18, 2018 theft. According to Allen, after attending Smith's deposition, he is now

---

[3]   ECF 1.

[4]   ECF 24.

[5]   ECF 58; ECF 59.

[6]   ECF 64.

[7]   All the statements Allen seeks to amend are found in prior pleadings or briefs. Allen does not seek leave to amend any statement made in the pending summary judgment filings.

convinced she is the true culprit. Because Smith did not file a response to either

motion, the Court treats them as unopposed. LR 7.1B, NDGa.

As Allen acknowledges, the Federal Rules only explicitly contemplate the

amending of a pleading. Fed. R. Civ. P. 15(a). Pleadings include:

> (1) a complaint; (2) an answer to a complaint; (3) an
> answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim; (5) a third-party complaint;
> (6) an answer to a third-party complaint; and (7) if the
> court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

Since the only "pleading" Allen seeks to amend is his Answer to the

Amended Complaint, the Court addresses it first. After the time for amendment

as a matter of course has expired, "a party may amend its pleading only with the

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Although the Court "should freely give leave when justice so requires"—*id.*—it

may deny leave:

> [W]here there is substantial ground for doing so, such as
> undue delay, bad faith or dilatory motive on the part of
> the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the
> amendment, and futility of amendment.

*Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (brackets and punctuation

omitted). *See also Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992).

When a motion to amend is filed after the deadline established in a scheduling order, the movant must demonstrate good cause under Rule 16(b) before the Court may consider Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). *See also* Fed. R. Civ. P. 16(b)(4). Notwithstanding, the ultimate decision of whether to grant leave to amend remains committed to the Court's discretion. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989).

Based on the March 18, 2020 Scheduling Order entered in this case, the deadline for the parties to amend the pleadings expired, at the latest, on April 17, 2020.[8] Because Allen did not request leave to amend until November 2, 2020, the good cause standard of Rule 16(b) is applicable. Allen neither cites nor discusses this standard in his motion. Nonetheless, the Court exercises its discretion to consider Allen's arguments in the context of Rule 16(b). In doing so, the Court finds Allen has demonstrated good cause to permit the limited amendment. Likewise, the Court finds no reason to deny the request under Rule 15(a). Thus, Allen's motion to amend his Answer is granted.

---

[8]    ECF 26. *See* LR 26.2(A), NDGa.

Allen next seeks to amend statements made during discovery. Although not entirely on point, the Federal Rules do state that:

> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1). Allen's requests to amend his initial disclosures and other statements made in the First Amended Joint Preliminary Report and Discovery Plan seemingly fit within this umbrella. Therefore, that aspect of Allen's motion is also granted.

Finally, Allen seeks to amend certain statements made in prior briefs filed in this litigation. The Court is aware of no Federal Rule or Local Rule expressly authorizing such amendments. Indeed, although the "general rule is that a party is bound by the admissions in his pleadings" — *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) — there is no corollary rule for statements made in briefs. *See Jenkins v. Butts Cnty. Sch. Dist.*, 984 F. Supp. 2d 1368, 1379 n.16 (M.D. Ga. 2013) ("[Defendant] has not cited any authority that states a party is bound by arguments made in her briefs."). *Cf. Robertson v. Riverstone Cmtys., LLC*, No. 1:17-

cv-02668-CAP, 2019 WL 3282991, at *7 (N.D. Ga. July 22, 2019) ("While a party is

typically bound to its admissions in the answer, that is not the rule for allegations

of legal conclusions."). Ultimately, the Court is entitled to broad discretion in

handling such pretrial matters. *See Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.3d

795, 811 (11th Cir. 2017) ("We have stressed the broad discretion district courts

have in managing their cases.") (brackets omitted); *Equal Emp. Opportunity Comm'n*

*v. STME, LLC*, 938 F.3d 1305, 1321 (11th Cir. 2019) ("[D]istrict courts enjoy broad

discretion in deciding how best to manage the cases before them."). Given that

Allen's request is narrow and the Court can ascertain no identifiable prejudice to

Smith, the Court finds his request should be granted.

### b.      Motion for Summary Judgment

Allen argues he is entitled to summary judgment on Smith's § 1983 claim.

Smith did not respond to Allen's motion. Thus, the Court considers it unopposed.

LR 7.1B, NDGa. But the Court cannot automatically grant Allen's motion simply

because Smith did not file a response. *United States v. One Piece of Real Prop. Located*

*at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004)

("[T]he district court cannot base the entry of summary judgment on the mere fact

that the motion was unopposed, but, rather, must consider the merits of the

motion."). The Court "must ensure that the motion itself is supported by

evidentiary materials." *Id.* at 1101–02. Pursuant to the Local Rules, however, the Court deems all of Allen's properly supported statements of material facts admitted. LR 56.1B(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: [ ] directly refutes the movant's fact with concise responses supported by specific citations to evidence.").

### i.    Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment has the initial burden of informing the district court of the basis for his motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets his burden, the non-movant must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

A fact is considered "material" only if it may "affect the outcome of the suit under the governing law." *BBX Cap. v. Fed. Deposit Ins. Corp.*, 956 F.3d 1304, 1314 (11th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "genuine if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248)

(punctuation omitted). The Court must "view all of the evidence in a light most

favorable to the nonmoving party and draw all reasonable inferences in that

party's favor." *Newcomb v. Spring Creek Cooler Inc.*, 926 F.3d 709, 713 (11th Cir.

2019). *See also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012)

("Credibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge.")

(quoting *Anderson*, 477 U.S. at 255).

### ii.   Facts

On April 11, 2018, a woman entered a Target store in Buford, Georgia,

purchased a drone, exited the store, and drove away in a white Chrysler 300.[9]

Within the hour, the same woman returned to the Target store and received a cash

refund for the drone.[10] Unbeknownst to Target's employees, the drone had been

removed and replaced with miscellaneous parts.[11] Gwinnett County police officer

Wendy Downing was dispatched to investigate the theft.[12] Downing received

---

[9]   ECF 64, at 31 ¶ 9 (Aff. of Jason L. Allen).

[10]   *Id.*

[11]   *Id.*

[12]   *Id.* ¶ 10.

video surveillance footage of the female leaving the store and forwarded the footage, along with an incident report, to the Gwinnett County criminal investigations unit.[13] Allen, a detective employed by the Gwinnett County police department, was assigned to the investigation.[14]

Upon receipt, Allen reviewed the surveillance video.[15] He checked the white Chrysler 300's license plate and discovered its registered owner was a man named Ismail Muttalib.[16] Allen ran Muttalib's name through various databases and discovered he had several outstanding warrants for thefts.[17] Allen attempted to locate Muttalib through various means, including his personal Facebook page.[18] Allen then performed a search for Muttalib on a database known as CLEAR, which is a Thompson Reuters investigative product.[19]

---

[13]   *Id.* ¶ 11.

[14]   *Id.*

[15]   ECF 63, ¶ 9.

[16]   *Id.* ¶ 10.

[17]   *Id.* ¶¶ 10–12.

[18]   *Id.* ¶ 13.

[19]   *Id.* ¶ 14.

Through CLEAR, Allen found the name of "Asia Smith," who was listed as an associate of Muttalib.[20] Using the information gleaned from his investigation, Allen located the Facebook profile of a woman whom he believed looked similar to the woman in the Target surveillance footage—Plaintiff Asia G. Smith.[21] Smith's Facebook profile led Allen to an Instagram account also belonging to Smith that contained photographs that Allen again believed matched the suspect in the Target surveillance video.[22] Allen then obtained Smith's driver's license and again matched her photograph against the Target surveillance video.[23] At that point, Allen felt he had sufficient probable cause to seek an arrest warrant for Smith.[24] Prior to doing so, Allen attempted to call Smith, but did not receive an answer.[25] Allen ultimately submitted an application to the Gwinnett County Magistrate Court and obtained a warrant for Smith's arrest on May 3, 2018.[26]

---

[20]   ECF 64, at 35 ¶ 19.

[21]   *Id.* ¶ 39.

[22]   *Id.*

[23]   *Id.*

[24]   *Id.*

[25]   *Id.* ¶ 39.

[26]   ECF 5-1, at 3-4 (Warrant and Warrant Application).

After her arrest on July 21, 2018, the Assistant Solicitor for Gwinnett County assigned to the case decided to dismiss it against Smith.[27]

### *iii.* **Analysis**

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 itself creates no substantive rights. *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Rather, it provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Id*. To succeed on a § 1983 claim, a plaintiff "must prove that she was deprived of a constitutionally guaranteed right under color of state law." *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir. 1989).

Allen argues he is entitled to summary judgment pursuant to the doctrine of qualified immunity. Qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil

---

[27]   ECF 64, at 69–70 (Aff. of Julie Potts).

damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person should have known." *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982). "Once discretionary authority is established,

the burden then shifts to the plaintiff to show that qualified immunity should not

apply." *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012). The plaintiff's

burden is two-fold; "officers are entitled to qualified immunity under § 1983 unless

(1) they violated a federal statutory or constitutional right, and (2) the

unlawfulness of their conduct was clearly established at the time." *D.C. v. Wesby*,

138 S. Ct. 577, 589 (2018). *See also Tolan v. Cotton*, 572 U.S. 650, 655–57 (2014);

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The defendant is entitled to qualified

immunity if the plaintiff fails to establish either prong. *See Brown v. City of*

*Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010).

As the Eleventh Circuit has noted, "[u]nless a government agent's act is so

obviously wrong, in the light of pre-existing law, that only a plainly incompetent

officer or one who was knowingly violating the law would have done such a thing,

the government actor has immunity from suit." *Youmans v. Gagnon*, 626 F.3d 557,

562 (11th Cir. 2010) (quoting *Lassiter v. Ala. A&M Univ., Bd. of Trustees*, 28 F.3d

1146, 1149 (11th Cir. 1994)). *See also Malley v. Briggs*, 475 U.S. 335, 335 (1986) ("As a

matter of public policy, qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law.").

As Smith's allegations make clear, Allen was engaged in a discretionary function at all relevant times as a detective with the Gwinnett County police department. Accordingly, the burden shifts to Smith to show triable issues of fact as to both prongs of the qualified immunity test. Smith did not file a response or submit evidence in an attempt to do so. After a review of the evidentiary record, the Court finds no triable issues of fact showing that Allen violated Smith's constitutional rights.

As a threshold matter, Smith does not identify her constitutional cause of action by name in the Amended Complaint. Since a plaintiff asserting a § 1983 claim cannot bring a false arrest claim when her arrest was made pursuant to a court-issued warrant, the Court interprets her claim as one for malicious prosecution. *See Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014). *See also Heck v. Humphrey*, 512 U.S. 477, 484 (1994). "To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (emphasis omitted).

It is well established that "an arrest without probable cause violates the right

to be free from an unreasonable search under the Fourth Amendment." *Kingsland*

*v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). But as a corollary, "the

existence of probable cause defeats a § 1983 malicious prosecution claim." *Grider v.*

*City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). Actual probable cause

need not be present; "officers who make an arrest without probable cause are

entitled to qualified immunity if there was *arguable* probable cause for the arrest."

*Kingsland*, 382 F.3d at 1232 (emphasis added). "Arguable probable cause exists

where reasonable officers in the same circumstances and possessing the same

knowledge as the defendant could have believed that probable cause existed to

arrest." *Gates v. Khokhar*, 884 F.3d 1290, 1298 (11th Cir. 2018) (brackets and

emphasis omitted). *See also Wood*, 323 F.3d at 878 ("[T]he inquiry is not whether

probable cause actually existed, but instead whether an officer reasonably could

have believed that probable cause existed, in light of the information the officer

possessed. Even law enforcement officials who reasonably but mistakenly

conclude that probable cause is present are entitled to immunity.") (citation

omitted). *See also Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 (11th Cir. 2010)

("[I]t is inevitable that law enforcement officials will in some cases reasonably but

mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable.").

Here, it remains disputed whether Smith, or some other unidentified individual, actually committed the theft at the Target store. The gravamen of Smith's claim—purportedly asserted under a theory of liability established by the Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154 (1978)—is that Allen lacked probable cause for her arrest because he: (1) conducted an inadequate investigation and (2) made recklessly false statements or material omissions in an arrest warrant application presented to a Gwinnett County Magistrate Judge. Based on the record, the Court finds Smith has not raised a genuine issue of fact as to either theory.

### a)  Inadequate Investigation

Smith alleges Allen lacked probable cause because he conducted an inadequate investigation into the theft. "An arresting officer is required to conduct a reasonable investigation to establish probable cause." *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (citing *Tillman*, 886 F.2d at 321). But an officer is not required to "take every conceivable step at whatever cost, to eliminate the possibility of convicting an innocent person." *Rankin*, 133 F.3d at 1436. *See also Kingsland*, 382 F.3d at 1229 ("[A] police officer is not required to explore

and eliminate every theoretically plausible claim of innocence before making an arrest."). At a minimum, an officer must act reasonably under the circumstances and "not choose to ignore information that has been offered to him" or "conduct an investigation in a biased fashion or elect not to obtain easily discoverable facts." *Kingsland*, 382 F.3d at 1229.

Smith alleges Allen did not do enough to corroborate Smith as the suspect that committed the theft. Smith alleges Allen ignored plainly exculpatory information contained in the CLEAR investigative report generated for Ismail Muttalib. Specifically, Smith—a then-college student in her twenties—points to a separate CLEAR report for Muttalib—generated on June 20, 2019—that lists his associate "Asia Smith" as a 41-year-old woman who has been deceased since October 2017. The premise of Smith's argument, however, is flawed. Allen presents evidence that the 2018 CLEAR report he relied on and the 2019 CLEAR report proffered by Smith were generated based on the inputting of different search criteria and contained different substantive information.[28] For example, Allen provides evidence that the 2018 version of the CLEAR report did not contain: (1) information as to the death of "Asia Smith," (2) middle initials,

---

[28]   ECF 63, ¶¶ 32–33; ECF 64, ¶¶ 11–14 (Aff. of Kevin Appold).

(3) photographs, (4) birthdates, or (5) social security numbers.[29] Smith presents no

evidence in rebuttal and does not show what other information Allen allegedly

ignored in the 2018 CLEAR report. Moreover, there is no evidence suggesting that

Allen otherwise conducted his investigation in a biased manner or ignored any

evidence. To the contrary, Allen further contradicts Smith's allegations by

presenting evidence that he did not exclusively rely on the 2018 CLEAR report or

social media (*i.e.*, Facebook and Instagram) to form probable cause; rather, he

employed nearly a dozen investigatory techniques prior to seeking a warrant.[30]

Put another way, Smith has not carried her burden to show a triable issue of fact

that Allen lacked arguable probable cause for her arrest based on his investigation.

### b)   False Statements or Omissions from Warrant Application

Smith's second allegation is that Allen violated her constitutional rights by

obtaining an arrest warrant based on an application that contained recklessly false

statements and material omissions. An officer "who applies for an arrest warrant

can be liable for malicious prosecution if he should have known that his

application failed to establish probable cause . . . or if he made statements or

---

29   ECF 63, ¶¶ 34–36.

30   *Id.* ¶¶ 18, 37–38.

omissions in his application that were material and perjurious or recklessly false."

*Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016). *See also Franks*, 438 U.S. at

171. An officer acts with a reckless disregard for the truth when "he should have

recognized the error in the warrant application, or at least harbored serious doubts

as to the facts contained therein. . . . especially [ ] when the inconsistency gives the

[officer] cause to investigate further." *Daniels v. Bango*, 487 F. App'x 532, 537

(11th Cir. 2012) (citing *United States v. Kirk*, 781 F.2d 1498, 1503 (11th Cir. 1986)

(brackets and punctuation omitted)). As articulated by a court in this district:

> [T]o overcome summary judgment based on qualified
> immunity, [a plaintiff] must raise a genuine dispute of
> fact as to whether (1) the warrant affidavit failed to
> establish arguable probable cause on its face, or (2) the
> warrant affidavit included false statements or omissions
> that were intentional or reckless and were necessary to
> establish arguable probable cause.

*McKenzie v. Thompson*, 240 F. Supp. 3d 1304, 1311 (N.D. Ga. 2017).

Smith does not allege that the warrant affidavit is facially insufficient to

establish probable cause. She instead contends that Allen falsely identified her as

the suspect who committed the theft and purposefully omitted the purportedly

exculpatory information contained in the 2019 CLEAR report. However, as

discussed above, Allen presents direct, uncontroverted evidence that the 2018

CLEAR report he relied on was generated using different search criteria and did

not contain this information. Moreover, although the suspect's true identity remains disputed, Smith does not point to any other allegedly false statements or material omissions made in the warrant application. Viewing the evidence in a light most favorable to Smith, it is possible that Allen was ultimately mistaken and misidentified her as the suspect. But that is not enough. The Eleventh Circuit has "explicitly limited the *Franks* rule to cases of perjurious or recklessly false statements or omissions made by a police officer in support of a warrant; the rule does not apply to *negligent* misrepresentations or omissions." *Kelly*, 21 F.3d at 1554 (emphasis in original). At bottom, there is no evidence that Allen acted negligently, much less that he intentionally fabricated or concealed information in submitting the warrant application or lacked arguable probable cause for Smith's arrest. Therefore, since Smith presents no triable issues of fact as to a constitutional violation, Allen is entitled to summary judgment on qualified immunity grounds.

### III.    CONCLUSION

Allen's motions to amend [ECF 58; ECF 59] and motion for summary

judgment [ECF 64] are **GRANTED**. The Clerk is **DIRECTED** to enter judgment in

favor of Allen and close this case.

**SO ORDERED** this the 28th day of April 2021.

Steven D. Grimberg
United States District Court Judge